UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
_____

In re:

ELIZABETH ANN CAIN,                                     Case No. DK 11-03957
                                                        Hon. Scott W. Dales
                    Debtor.
_____/

THOMAS R. TIBBLE, Chapter 7
Trustee,

                    Plaintiff,                          Adversary Proceeding
                                                        No. 12-80214
v.

ALMENA CORPORATION, EQUITY
TRUST COMPANY, and FRED KRYMIS,

                    Defendants.
_____/


OPINION AND ORDER

PRESENT:   HONORABLE SCOTT W. DALES
           United States Bankruptcy Judge


I.  INTRODUCTION

On July 12, 2013, Almena Corporation ("Almena") filed a Motion for Summary Judgment (the "Motion," DN 34). Pursuant to the court's Pretrial Order dated March 12, 2013, a response was due from Plaintiff Thomas R. Tibble and Defendants Equity Trust Company and Fred Krymis by July 28, 2013. These parties failed to timely respond and on July 30, 2013, Almena filed a Request for Ruling Regarding the Motion (DN 35). For the following reasons, the court will grant this request and the Motion.

## II.  JURISDICTION AND RELATED MATTERS

The court has jurisdiction over the chapter 7 case of non-party Elizabeth Cain pursuant to 28 U.S.C. § 1334(a).  That case and this adversary proceeding have been referred to this court by the United States District Court pursuant to 28 U.S.C. § 157(a) and LCivR 83.2(a) (W.D. Mich.).  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (H), (K) and (O).  Because Almena asserts a claim against property of the estate, this proceeding involves the allowance or disallowance of a claim, and to this extent "the bankruptcy court's authority is at its constitutional maximum."  *Waldman v. Stone*, 698 F.3d 910, 919 (6th Cir. 2012).[1]

## III.  ANALYSIS

Under Fed. R. Civ. P. 56(c), made applicable by Fed. R. Bankr. P. 7056, summary judgment is appropriate if the pleadings and materials in the record, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Almena has supplied the court with the appropriate exhibits and affidavits to meet its summary judgment burden.  The other parties, as noted above, have not filed opposition to the Motion, and so there is no genuine issue as to any material fact that Almena has asserted in support of its Motion.

According to the affidavit supplied by Almena in support of its Claim of Equitable Mortgage (Motion at Exh. J), in September 2008, Mark Maurer, a mortgage broker, approached Herb Fricko, Almena's President, to fund a bridge loan for Elizabeth Ann Cain (the "Debtor") in

---

[1] For whatever it is worth, the parties have acquiesced in the court's entry of a final judgment, either by consenting (as Mr. Tibble did) or by failing to object within the time prescribed in the Pretrial Order (as the other parties did). *Compare Waldman*, 698 F.3d at 918 (litigant cannot waive structural protection of Article III) *with Executive Benefits Ins. Agency v. Arkinson (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553, 566 (9th Cir. 2012) ("The waivable nature of the allocation of adjudicative authority between bankruptcy courts and Article III courts is well established"), *cert. granted*, 133 S. Ct. 2880 (U.S. June 24, 2013).

order for her to refinance her residence. Mr. Maurer represented that Fred Krymis, through his company, Equity Trust Company, had planned to refinance the Debtor's mortgage by making a loan to her in the amount of $120,000.00, but the funds he intended to use had been misdirected by his financial institution and were therefore not available in time for the scheduled closing. Mr. Fricko agreed to fund the supposed bridge loan, and attended the closing on behalf of Almena, where he received copies of an Assignment of Mortgage and a promissory note from Mr. Krymis in the amount of $130,000.00 in exchange for which Almena provided the Debtor with two cashier's checks totaling $120,000.00. The Debtor used these funds to pay off her indisputably valid and then-existing mortgage with Amerifirst Financial Corporation, and a second mortgage with Wells Fargo Bank.

After the closing, Mr. Fricko claims that he repeatedly tried to contact Mr. Maurer in order to be repaid with Mr. Krymis's funds, but had no success. Finally, Mr. Fricko contacted the Debtor and asked her to start sending Almena her monthly payments directly, as required by the assignment of mortgage, but she denied any knowledge of the assignment. Eventually, Almena came to believe it was the victim of Mr. Maurer's fraud.

After attempting unsuccessfully to meet with Mr. Maurer, collect the debt from Mr. Krymis, or from the Debtor, Almena prepared a Claim of Equitable Mortgage and an Affidavit in Support, and filed these documents with the Kalamazoo County Register of Deeds on August 5, 2009. Less than two weeks later, Almena filed a complaint in state court against Mr. Maurer, Mr. Krymis and the Debtor, and several other entities, alleging breach of contract, breach of fiduciary duty, fraud and misrepresentation, conversion and unjust enrichment. In separate criminal proceedings, Mr. Maurer has since pled guilty to one count of wire fraud, according to documents attached to the Motion (Exh. M).

The Debtor filed a voluntary petition for relief under chapter 7 on April 7, 2011.  The bankruptcy trustee, Thomas A. Tibble (the "Trustee"), sold the real estate that was the subject of this dispute, and is now holding the proceeds from the sale in the amount of $49,982.00. Thereafter, he filed this adversary proceeding to avoid the mortgage the Debtor granted at the closing to Mr. Krymis, and that was to be assigned to Almena, as well as the equitable mortgage filed later by Almena, as those liens continued to encumber the sale proceeds.  The Trustee's two avoidance theories are:  (1) that the transfer of the Krymis mortgage was a fraudulent transfer because Mr. Krymis himself did not give reasonably equivalent value in exchange for the mortgage, and that the Debtor was insolvent at the time of the transfer or she knew that the transfer would render her insolvent;[2] and (2) that Almena's lien or equitable mortgage was not properly recorded, and is therefore avoidable using the Trustee's powers as hypothetical *bona fide* purchaser of real property from the Debtor.[3]  Because the Trustee, Mr. Krymis, and Equity Trust Company did not respond to the Motion, the court has no further information or argument from any of them as to their claims or theories.

Having carefully reviewed the record, the court finds that the Motion is supported and satisfies Almena's summary judgment burden.  With respect to the supposedly fraudulent transfer, the court finds that the Debtor received reasonably equivalent value when the refinancing transaction took place:  without any doubt, Almena's funds reduced the Debtor's debt to the existing mortgagees dollar for dollar, constituting reasonably equivalent value as a matter of law.  *See Southeast Waffles, LLC v. IRS (In Re Southeast Waffles, LLC)*, 702 F.3d 850, 857 (6th Cir. 2012).  Stated differently, "[v]alue is given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or

---

[2] The Trustee invokes state law fraudulent transfer provisions under 11 U.S.C. §544(b).

[3] For this theory, the Trustee invokes 11 U.S.C. §544(a).

satisfied." M.C.L. § 566.33(1). Indeed, to the extent of the valid pre-refinancing mortgages of Amerifirst and Wells Fargo, the Debtor's residence was not even an "asset" under the Uniform Fraudulent Transfer Act immediately before the transaction under review. *See* M.C.L. § 566.31(b)(i) (defining "asset").

Furthermore, the Trustee's allegation that he is a *bona fide* purchaser and can defeat any unperfected security interest on the date of filing pursuant to 11 U.S.C. § 544(a)(3) is effectively refuted because Almena filed its Claim of Equitable Mortgage with the Kalamazoo County Register of Deeds, together with an affidavit and proof of service, long before the petition date. As a result, the Trustee, as well as any other "purchasers," would have had constructive notice of Almena's interest in the Debtor's residence prior to the Debtor's bankruptcy filing. *See Wells Fargo Home Mortgage, Inc. v. Richardson (In re Brandt)*, 434 B.R. 493, 496 (W.D. Mich. 2010) (observing that "if any hypothetical purchaser of the property would have constructive notice of the mortgage interest, then Trustee cannot avoid the mortgage," but finding that a filing not in compliance with the Land Division Act does not give constructive notice).

Here, there is no suggestion that the recording of the Claim of Equitable Mortgage (Exh. J) failed to meet the requirements of M.C.L. § 565.25. Indeed, it is undisputed (and the court finds) that a full and fair accounting of the facts supporting the claimed encumbrance, together with proof of service as required under that statute, accompanied Almena's filing of the Claim of Equitable Mortgage with the Kalamazoo County Register of Deeds. Accordingly, the Claim of Equitable Mortgage was perfected when filed, and precludes the Trustee from qualifying as a *bona fide* purchaser. Almena's claim to the Debtor's former residence, and now the sale proceeds, is superior to the Trustee's interests.

Finally, as between Mr. Krymis and the Equity Trust Company on the one hand, and Almena on the other, the court finds that Almena has the superior claim because Almena undisputedly provided the funds the Debtor used to refinance her mortgage at the closing, whereas Mr. Krymis and his company undisputedly did not. Consequently, the equities favor Almena, and as such, the court finds that Almena -- not Mr. Krymis and/or Equity Trust -- has a valid and enforceable lien to the extent of the $120,000.00 it paid in connection with the refinance transaction. This superior lien exceeds the sale proceeds in the Trustee's hands, precluding any other party from sharing in the proceeds.

## IV.  CONCLUSION AND ORDER

The court is mindful that it cannot grant summary judgment motions by default, and that it must evaluate all such motions, whether opposed or not, under the rubric of Fed. R. Civ. P. 56. The court has done so in this case and concludes that Almena has shown, by affidavit and otherwise, that there is no genuine issue as to any material fact and that it is entitled to the judgment it seeks as a matter of law. For these reasons, the court will grant the Motion, and direct the Clerk to enter judgment awarding the sale proceeds ($49,982.00) to Almena, as the holder of the superior interest in the Debtor's former residence.

NOW, THEREFORE IT IS HEREBY ORDERED as follows:

1. Almena's Motion (DN 34) is GRANTED;

2. Almena's Request for Ruling (DN 35) is GRANTED; and

3. The Clerk shall enter judgment consistent with this Opinion and Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Michael O'Neal, Esq., Cody H. Knight, Esq., and Perry G. Pastula, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated August 6, 2013**



Scott W. Dales
United States Bankruptcy Judge